*127
 
 Nash, J.
 

 Thomas Hudson died about the year 1825, having previously made and published a last will and testament; which was duly proved and recorded : and Martha, his widow was duly qualified as the executrix thereof, and took into her possession the personal property of the testator. By the will, the testator devises as follows: “ I lend to my said wife during her life the aforesaid negro man, Ben, and the aforesaid negro girl, Eliza Fails : the last of whom is to be emancipated at the death of my wife, together with any and all the children she may have at that time.” In a subsequent clause, he directs : “ at my death, my will and desire is, that the whole of my personal and freehold property, which is not already disposed of, be sold by my executrix on a credit of twelve months, and the money arising therefrom (after deducting therefrom the sum of five hundred dollars,) to be divided, as follows, to wit: one half fo my wife Martha, one fourth to Mary Shield, and one fourth to her children. The five hundred dollars, which I have reserved out of the sale of personal and perishable property, I lend to my wife during her life; and at her death, it is to be put out at interest for the use and benefit of the aforesaid Eliza Fails.” And he charges his wife with the payment of his debts. The sale was made by the executrix, according to the directions of the will: and she took into her possession the legacy of five hundred dollars. Martha Hudson is dead, and the defendant, Rice B. Pierce is her executor, and has taken into his hands and sold a negro woman, Sally, and her child, the offspring of Eliza Fails — who. died during the life of the widow Martha Hudson: and has also in his hands the five hundred dollars, so as aboye bequeathed. All the necessary parties are before the Court and the bill is for an account. The bill is filed by the next of kin, claiming the five hundred dollars and the proceeds of the sale of Sally
 
 *128
 
 as not being disposed of by the will and as
 
 to
 
 which, they claim there is an intestacy.
 

 The answer of Pierce, the executor, admits, that, as to the legacy of five hundred dollars to Eliza Fails, the testator died intestate: and as to the proceeds of Sally and her child, he prays the advice of the Court. He alleges, there were debts of the testator, to the payment of which both funds were liable. The other defendants claim, that the proceeds of the sale of Sally and her child pass under the will; and that, as to the five hundred dollar legacy, they pray to be protected in their rights, if they have any.
 

 The questions presented to the Court are, as to the directions for the emancipation of the negro woman, Eliza Fails : and as to the five hundred dollars bequeathed her, and the proceeds of the sale of slave Sally and her child.
 

 Many cases in this Court establish the principle, that such a testamentary disposition of the slave, Eliza-Fails, and her children, as is made in the will of Thomas Hudson, before the year 1830, is null and void, as being for their emancipation within the State.
 
 Sorrey
 
 v. Bright, 1 Dev. & Bat. 113.
 
 Pendleton v. Blount,
 
 1 Dev. & Bat. 491.
 
 Cresswell v. Emberson,
 
 6 Ired. Eq. 154—and others. The bequest of emancipation being void, Eliza Fails, and her child Sally, and her child remained as slaves; and the legacy of five hundred dollars is void also. A slave cannot hold or be, m law, the owner of property. See the above eases and that of
 
 Kirkpatrick
 
 v.
 
 Rogers,
 
 6 Ired. Eq. 135. The Widow having but a life estate in them, her executor holds the proceeds of the sale of Sally and her child and the $500 in trust, either for the next of kin or of the residuary legatees. The plaintiffs contend, that, as to these two funds, the testator, Thomas Hudson, has died intestate, and that they do not go into the residuum. It is a general rule in the construction of wills, that, as to personal property,
 
 *129
 
 a residuary clause embraces not only, every thing not disposed of, but every thing that turns out not to be disposed of. The law does not suppose that a testator means to die intestate as to any of his property; and the rule is adopted to avoid a partial intestacy. But the rule is subject to limitation. In
 
 Sorrey
 
 v.
 
 Bright,
 
 his Honor, the Chief Justice, after laying down the rule as to the extent of a residuary clause ; proceeds:
 
 “
 
 Doubtless it may be restricted by the special wording of the will. If the residue is partial, that is, of a particular fund — the rule does not apply. So, where it is clear, from the residuary clause itself, or from other parts of the will, that the testator had, in fact, a contrary intention, that the residue should not be general, and that things given away, or which the will professed to give away, should not fall into the residue” — and, in
 
 Bland
 
 v.
 
 Lamb,
 
 2 Jac. & Walker, 399, Lord Eldon observes, that, to take a case out of the general rule, very special words are necessary, showing the
 
 intent to be clear,
 
 that particular parts of the estate should not pass under the residuary clause. Apply the principle declared in these two cases to the one now under consideration ; and it is manifest, the residuary legatees have no right to either of the funds.— The testator directs Eliza Fails to be emancipated, at the death of his wife. This bequest is void — cannot take effect — of course, she and her offspring remained slaves — at his death the executrix is directed to sell the whole of his property, personal and real — not before disposed of, and he gives five hundred dollars of the proceeds to Eliza Fails ; and the balance to designated legatees. Now, according to law, neither the slaves nor the money passed under the will as specific legacies : and in ordinary cases would fall into the residue. But it is manifest, that such was not the intention oí the testator. Eliza Fails, is, herself, one of those legatees to whom the residue is given; and, according to
 
 *130
 
 the rule laid down in
 
 Bland
 
 v.
 
 Lamb,
 
 there was a particular part of the estate embraced in the residuary clause, which the" testator did not intend should go to the residuary legatees. In the will there is no specific disposition made for the children of Eliza Fails, during the life of the widow. From the statements in the bill, it is to be presumed that the slave Sally was born after the death of the testator, and the widow was entitled to a life estate in her and her child : and at her death they reverted back to the personal representative of the testator. But they constituted no part of the fund embraced in the residuary clause : for, the will directs, that, at the deatli of the widow, they should be emancipated. A further reason, why the proceeds of the sale of Sally and her child do not pass under the residuary clause is, that they constituted no part of the estates of the testator directed to be sold, both because of the emancipation clause, and because they were not in existence at the death of the testator.
 

 We are of opinion, that neither the proceeds of the sale of Sally and her child, nor the five hundred dollar legacy, passed under the residuary clause ; and that, as to them, Thomas Hudson died intestate : and that they go to his next of kin in a course of distribution. As to the debts of the testator, they are expressly a charge upon the widow, in such a way as to exonerate the balance of the estate.
 

 Per Curiam. Decree accordingly.